IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAVAR W. HALL, | § | |
| | § | No. 234, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | Cr. ID 1408016850 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 12, 2015
Decided: January 12, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of January 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) After a one-day bench trial in January 2015, the defendant-appellant, Lavar Hall, was convicted of Burglary in the Third Degree and Theft. On April 24, 2015, the State filed a motion to declare Hall to be a habitual offender. That same day, the Superior Court sentenced Hall as a habitual offender to a total period of four years at Level V incarceration, with credit for 245 days previously served, to be suspended after serving three years in prison for probation. This is Hall's direct appeal.

(2) Hall's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Hall's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Hall's attorney informed him of the provisions of Rule 26(c) and provided Hall with a copy of the motion to withdraw and the accompanying brief. Hall also was informed of his right to supplement his attorney's presentation. Hall filed several points for this Court's consideration. The State has responded to Hall's points, as well as to the position taken by Hall's counsel, and has moved to affirm the Superior Court's judgment.

(3) This Court's review of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (i) we must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) we must conduct our own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4) In this case, the trial record fairly reflects that, around 3 AM on the morning of August 12, 2014, someone broke into the offices of Jungle

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

Jim's amusement park in Rehoboth Beach, Delaware and stole a television from the employee lounge. The owner of Jungle Jim's knew Hall because the two had gone to high school together. The owner was able to identify Hall as the perpetrator from the park's surveillance video, which showed Hall climbing the fence and stealing the television. Hall confessed to the crime following his arrest and also admitted his guilt when he took the stand at trial.

(5) Hall's issues on appeal relate solely to his sentencing. First, he contends that he did not receive adequate notice of the State's habitual offender motion. Second, he asserts that he should not have been declared a habitual offender because his prior criminal convictions were not qualifying predicate convictions under the habitual offender statute and because his most recent conviction for third degree burglary is not a qualifying offense for habitual offender status.

(6) We find no merit to either claim. The transcript of Hall's trial reflects that the State indicated on the record that Hall qualified for habitual offender sentencing under 11 *Del. C.* § 4214(a) and that the State intended to seek habitual offender sentencing. Under § 4215(b), the State was only required to file its motion "after conviction and before sentence."[2] Although

---

[2] 11 *Del. C.* § 4215(b) (2007).

the State filed its habitual offender motion on the same day as sentencing, the motion was filed "before sentence" under Section 4215(b). Moreover, the Superior Court considered the State's documentary evidence regarding Hall's prior convictions before sentencing him.[3] Hall had the opportunity to address the Court prior to the imposition of sentence. Hall did not raise a due process claim or challenge the State's evidence in support of its habitual offender motion in any way. Under the circumstances, we find no merit to Hall's due process claim on appeal.

(7) Moreover, Hall's claim that neither his prior felony convictions nor his most recent conviction for third degree burglary are qualifying offenses for habitual offender sentencing under 11 *Del. C.* § 4214(a) is simply incorrect. Section 4214(a) provides that "[a]ny person who has been 3 times convicted of a felony … under the laws of this State, and/or any other state … who shall thereafter be convicted of a subsequent felony of this State is declared to be an [sic] habitual offender…."[4] Hall was not sentenced under Section 4214(b), as he seems to argue. Thus, his qualifying felonies were not limited to those identified in that subsection. All of Hall's prior felony convictions in this case qualified as predicate offenses under

---

[3] *Hall v. State*, 788 A.2d 118, 128 (Del. 2001).
[4] 11 *Del. C.* § 4214(a) (2007).

Section 4214(a), as well as his most conviction for third degree burglary. His claim to the contrary has no merit.

(8) This Court has reviewed the record carefully and has concluded that Hall's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Hall's counsel has made a conscientious effort to examine the record and the law and has properly determined that Hall could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice